## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BARRY W. THOMAS, )<br><br>        Plaintiff, )<br>        )<br>    v. )<br>        )<br>        )<br>COX COMMUNICATIONS, INC., a Delaware )<br>corporation; COMCAST CORPORATION, a )<br>Pennsylvania corporation; CENTENNIAL )<br>COMMUNICATIONS CORP., a Delaware )<br>corporation; CRICKET COMMUNICATIONS, )<br>INC., a Delaware corporation; DOBSON )<br>CELLULAR SYSTEMS, INC., an Oklahoma )<br>corporation; CHARTER COMMUNICATIONS, )<br>INC., a Delaware corporation; SPRINT )<br>SPECTRUM L.P., a Delaware corporation; )<br>NEXTEL OPERATIONS, INC., a Delaware )<br>corporation; CELLCO PARTNERSHIP d/b/a )<br>VERIZON WIRELESS, a Delaware general )<br>partnership; TRACFONE WIRELESS, INC., a )<br>Florida corporation; METROPCS INC., a )<br>Delaware corporation; GENERAL MOTORS )<br>CORPORATION, a Delaware corporation; and )<br>ONSTAR CORP., a Delaware corporation, )<br>        )<br>        Defendants. )<br>_____ ) | Case No. 2:07-cv-231<br>**(JURY TRIAL DEMANDED)** |

## COMPLAINT

Plaintiff Barry W. Thomas ("Thomas"), by and through his counsel, complains and

alleges as follows:

## JURISDICTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U. S. C. §§ 271, 281, 283, and 284.

2. This Court has jurisdiction over this action pursuant to 28 U. S. C. § 1338(a), as this action arises under an Act of Congress relating to patents.

3. Venue is properly established in this Court pursuant to 28 U.S. C. §§ 1391(b) and (c) and 1400(b).

## PARTIES

4. Plaintiff Barry W. Thomas is an individual residing at 16316 Woolwine Road, Charlotte, North Carolina.

5. Upon information and belief, Defendant Cox Communications Corporation ("Cox") is a corporation of the State of Delaware having its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia.

6. Upon information and belief, Cox sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

7. Upon information and belief, Cox is subject to the personal jurisdiction of the courts of this State and this judicial district.

8. Upon information and belief, Defendant Comcast Corporation ("Comcast") is a corporation of the State of Pennsylvania having its principal place of business at 1500 Market Street, Philadelphia, Pennsylvania.

2

9. Upon information and belief, Comcast sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

10. Upon information and belief, Comcast is subject to the personal jurisdiction of the courts of this State and this judicial district.

11. Upon information and belief, Defendant Centennial Communications Corp. ("Centennial") is a corporation of the State of Delaware having its principal place of business at 3349 Route 138, Wall, New Jersey.

12. Upon information and belief, Centennial sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

13. Upon information and belief, Centennial is subject to the personal jurisdiction of the courts of this State and this judicial district, and has admitted as such.

14. Upon information and belief, Defendant Cricket Communications, Inc. ("Cricket") is a corporation of the State of Delaware having its principal place of business at 10307 Pacific Center Court, San Diego, California.

15. Upon information and belief, Cricket sells and offers to sell its products in the State of Texas, has substantial contacts with the State of Texas, has a regular place of business in this State, and has made, used, sold, or offered for sale infringing products in the State of Texas.

16. Upon information and belief, Cricket is subject to the personal jurisdiction of the courts of this State.

3

17. Upon information and belief, Defendant Dobson Cellular Systems, Inc., ("Dobson") is a corporation of the State of Oklahoma having its principal place of business at 14201 Wireless Way, Oklahoma City, Oklahoma.

18. Upon information and belief, Dobson sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

19. Upon information and belief, Dobson is subject to the personal jurisdiction of the courts of this State and this judicial district.

20. Upon information and belief, Defendant Charter Communications, Inc. ("Charter") is a corporation of the State of Delaware having its principal place of business at 12405 Powerscourt Drive, Saint Louis, Missouri.

21. Upon information and belief, Charter sells and offers to sell its products in the State of Texas, has substantial contacts with the State of Texas, has a regular place of business in this State, and has made, used, sold, or offered for sale infringing products in the State of Texas.

22. Upon information and belief, Charter is subject to the personal jurisdiction of the courts of this State.

23. Upon information and belief, Defendant Sprint Spectrum L.P. ("Sprint") is a limited partnership organized under the laws of the state of Delaware and having its principal place of business at 490 Main Street, Kansas City, Missouri.

24. Upon information and belief, Sprint sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a

4

regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

25. Upon information and belief, Sprint is subject to the personal jurisdiction of the courts of this State and this judicial district.

26. Upon information and belief, Defendant Nextel Operations, Inc. ("Nextel") is a corporation of the state of Delaware having its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia.

27. Upon information and belief, Nextel sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

28. Upon information and belief, Nextel is subject to the personal jurisdiction of the courts of this State and this judicial district.

29. Upon information and belief, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a general partnership organized under the laws of the state of Delaware and having its principal place of business at 180 Washington Valley Road, Bedminster, New Jersey, and is composed of wholly owned indirect subsidiaries of Verizon Communications Inc. and Vodafone Group Plc.

30. Upon information and belief, Verizon sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

5

31. Upon information and belief, Verizon is subject to the personal jurisdiction of the courts of this State and this judicial district.

32. Upon information and belief, Defendant TracFone Wireless, Inc. ("TracFone") is a corporation of the state of Florida having its principal place of business at 8390 Northwest 25th Street, Miami, Florida.

33. Upon information and belief, TracFone sells and offers to sell its products in the State of Texas, including in this judicial district, has substantial contacts with this judicial district, has a regular place of business in this judicial district, and has made, used, sold, or offered for sale infringing products in the State of Texas, as well as within this judicial district.

34. Upon information and belief, TracFone is subject to the personal jurisdiction of the courts of this State and this judicial district.

35. Upon information and belief, Defendant MetroPCS, Inc. ("MetroPCS") is a corporation organized under the laws of the state of Delaware and having its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, Texas.

36. Upon information and belief, MetroPCS sells and offers to sell its products in the State of Texas, has substantial contacts with this State, has its principal place of business in this State, and has made, used, sold, or offered for sale infringing products in the State of Texas.

37. Upon information and belief, MetroPCS is subject to the personal jurisdiction of the courts of this State.

38. Upon information and belief, Defendant General Motors Corporation ("GM") is a corporation organized under the laws of the state of Delaware and having its principal place of business at 300 Renaissance Center, Detroit, Michigan.

6

39. Upon information and belief, GM sells and offers to sell its products in the State of Texas, has substantial contacts with this State, has its principal place of business in this State, and has made, used, sold, or offered for sale infringing products in the State of Texas.

40. Upon information and belief, GM is subject to the personal jurisdiction of the courts of this State.

41. Upon information and belief, Defendant OnStar Corp. ("OnStar") is a corporation organized under the laws of the state of Delaware and having its principal place of business at 400 Renaissance Center, Detroit, Michigan.

42. Upon information and belief, OnStar sells and offers to sell its products in the State of Texas, has substantial contacts with this State, has its principal place of business in this State, and has made, used, sold, or offered for sale infringing products in the State of Texas.

43. Upon information and belief, OnStar is subject to the personal jurisdiction of the courts of this State.

## COUNT I
## INFRINGEMENT OF U. S. PATENT NO. 4,777,354

44. On October 11, 1988, United States Patent No. 4,777,354 ("the'354 patent"), entitled "System for Controlling the Supply Utility Services to Consumers," was duly and legally issued to inventor Plaintiff Barry Thomas. A copy of the '354 patent is attached hereto as **Exhibit A**.

45. At all times relevant to this action, Thomas was and is the owner of the entire right, title, and interest, legal and equitable, in the '354 the patent.

46. The '354 patent was valid, subsisting, and enforceable within the United States until its expiration on January 27, 2006.

7

47. Defendants Cox, Comcast, and Charter infringed the '354 patent by using (including leasing, renting, or otherwise giving use of), selling, and/or offering to sell cable television reception equipment in the United States, and/or importing the same into the United States, which equipment was covered by one or more of the claims of the '354 patent, in violation of 35 U.S.C. § 271(a).

48. Defendants Centennial, Dobson, Sprint, Nextel, Verizon, TracFone, and MetroPCS infringed the '354 patent by using, selling, and/or offering to sell wireless telephone handset equipment in the United States, and/or importing the same into the United States, which equipment was covered by one or more claims of the '354 patent, in violation of 35 U.S.C. § 271(a).

49. Defendants GM and OnStar infringed the '354 patent by using, selling, and/or offering to sell wireless communications and positioning equipment in the United States, and/or importing the same into the United States, which equipment was covered by one or more claims of the '354 patent, in violation of 35 U.S.C. § 271(a).

50. The acts of direct infringement of the '354 patent undertaken by Cox, Comcast, Sprint, Nextel, and Verizon were performed with the full knowledge of the '354 patent and without leave, license, or permission of Plaintiff. Such activities constitute willful infringement of the '354 patent.

## COUNT II
## INDUCING PATENT INFRINGEMENT

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of this complaint into Count II, as if fully set forth herein.

8

52. Defendants Cox, Comcast, Sprint, Nextel, and Verizon infringed the '354 patent by actively inducing others to use and/or to sell equipment that infringes the '354 patent with knowledge that such use constitutes infringement by inducement in violation of 35 U.S.C. § 271(b).

53. Defendants Cox, Comcast, Sprint, Nextel, and Verizon have committed these acts of infringement with the full knowledge of the '354 patent and without leave, license, or permission of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays unto the court that Judgment be granted in his favor and that he be awarded the following relief:

1. Declare that each Defendant's acts and conduct infringed the '354 patent and the exclusive rights in said patent held by Plaintiff;

2. Declare that Defendants Cox, Comcast, Sprint, Nextel, and Verizon each induced infringement of the '354 patent, in violation of 35 U. S. C. § 271(b);

3. Declare that the infringement by Defendants Cox, Comcast, Sprint, Nextel, and Verizon was willful;

4. Require each Defendant to account to Plaintiff for all profits and expense realized by Defendants and any subsidiary or affiliate of Defendants during the term of the '354 patent;

5. Award Plaintiff actual and enhanced damages suffered as a result of each Defendant's infringement of the '354 patent and the rights held by Plaintiff in said patent, and, as to Defendants Cox, Comcast, Sprint, Nextel, and Verizon, pursuant to a finding of willful infringement, order that such damages be trebled;

9

6. Declare this case to be exceptional under 35 U.S.C. § 285 and award reasonable attorney fees and Plaintiff's costs of suit, pursuant to 35 U.S.C. § 284;

7. Grant such other and further relief as the equity of the case may require and as this Court may deem just and proper.

A jury trial is demanded.


Date: May ___, 2007.

Respectfully Submitted:

HARRELSON LAW FIRM, P.A.
POST OFFICE BOX 40 (75504)
300 STATE LINE AVENUE
TEXARKANA, ARKANSAS 71854
Tel.: (870) 772-0300
Fax: (870) 772-0302

OF COUNSEL:

James M. Harrington
The Harrington Practice PLLC
1905 J.N. Pease Place, Suite 202
Charlotte, North Carolina 28262

By: Steve Harrelson

Steve Harrelson
TBN 24036729

10

℠JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Barry W. Thomas

**(b)** County of Residence of First Listed Plaintiff   Mecklenburg, NC
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Steve Harrelson, PO Box 40, Texarkana, AR 75504

## DEFENDANTS

Cox Communications, Inc., et al

County of Residence of First Listed Defendant   Fulton, GA; Kent, GA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ❑ 1  U.S. Government
Plaintiff
- ☒ 3  Federal Question
(U.S. Government Not a Party)
- ❑ 2  U.S. Government
Defendant
- ❑ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product | Med. Malpractice | ❑ 625 Drug Related Seizure | 28 USC 157 | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | Liability | ❑ 365 Personal Injury - | of Property 21 USC 881 | | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment | ❑ 320 Assault, Libel & | Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 460 Deportation |
| & Enforcement of Judgment | Slander | ❑ 368 Asbestos Personal | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 470 Racketeer Influenced and |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' | Injury Product | ❑ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ❑ 152 Recovery of Defaulted | Liability | Liability | ❑ 660 Occupational | ❑ 840 Trademark | ❑ 480 Consumer Credit |
| Student Loans | ❑ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❑ 490 Cable/Sat TV |
| (Excl. Veterans) | ❑ 345 Marine Product | ❑ 370 Other Fraud | ❑ 690 Other | | ❑ 810 Selective Service |
| ❑ 153 Recovery of Overpayment | Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 380 Other Personal | ❑ 710 Fair Labor Standards | ❑ 861 HIA (1395ff) | Exchange |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | Property Damage | Act | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge |
| ❑ 190 Other Contract | Product Liability | ❑ 385 Property Damage | ❑ 720 Labor/Mgmt. Relations | ❑ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Product Liability | ❑ 730 Labor/Mgmt.Reporting | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury | | & Disclosure Act | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❑ 892 Economic Stabilization Act |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate | ❑ 790 Other Labor Litigation | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 442 Employment | Sentence | ❑ 791 Empl. Ret. Inc. | or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ | **Habeas Corpus:** | Security Act | ❑ 871 IRS—Third Party | ❑ 895 Freedom of Information |
| ❑ 240 Torts to Land | Accommodations | ❑ 530 General | | 26 USC 7609 | Act |
| ❑ 245 Tort Product Liability | ❑ 444 Welfare | ❑ 535 Death Penalty | | | ❑ 900Appeal of Fee Determination |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities - | ❑ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ❑ 550 Civil Rights | | | to Justice |
| | ❑ 446 Amer. w/Disabilities - | ❑ 555 Prison Condition | | | ❑ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ❑ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original
Proceeding
- ❑ 2  Removed from
State Court
- ❑ 3  Remanded from
Appellate Court
- ❑ 4  Reinstated or
Reopened
- ❑ 5  Transferred from
another district
(specify)
- ❑ 6  Multidistrict
Litigation
- ❑ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 USC § 271,281,283,284

Brief description of cause:
Patent infringement

## VII. REQUESTED IN    COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❑ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
6/6/2007

SIGNATURE OF ATTORNEY OF RECORD
*Steve Harrelson*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE